IN THE UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| T. Terell Bryan, ) | |
| ) | Civil Action No. 5:14-3627 |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Warden McFadden, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Petitioner, proceeding *pro se*, is a state prisoner seeking relief under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., all pre-trial proceedings were referred to a magistrate judge. This case is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss his petition for a writ for habeas corpus without prejudice. Petitioner filed timely objections (ECF No. 11), along with a motion to amend/correct his petition (ECF No. 12) and a motion for leave to file a supplemental writ and an affidavit (ECF No. 14). Accordingly, this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

Petitioner's objections fail to address any specific, dispositive portion of the Report. The objections are non-specific, unrelated to the dispositive portions of the Report or merely restate

Petitioner's claims. The court has thoroughly reviewed the Report and Petitioner's objections and finds no reason to deviate from the Report's recommended disposition.

In his motion to amend his petition, Petitioner states that he could be released earlier if the court enforced his contract. (ECF No. 12, p. 1). He asserts that he could have a job and work, which would allow him to receive earned work credit and earned education credit. (ECF No. 12, p. 1). As discussed by the magistrate judge, a petition for a writ of habeas corpus is not the proper avenue to pursue his alleged breach of contract claim. (ECF No. 9, p. 4). In his motion for leave to file a supplemental writ and an affidavit, Petitioner asserts that § 1983 is not the proper remedy for his claims. (ECF No. 14, p. 1). The court does not express an opinion as to whether § 1983 is the proper method for Petitioner to pursue his claim; instead the court determines that a petition for writ of habeas corpus is not the proper way for an inmate to enforce an alleged contract he entered into with security guards.

Accordingly, the court adopts the Magistrate Judge's Report (ECF No. 9) and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint is summarily **DISMISSED** without prejudice and without issuance and service of process. Petitioner's motions to amend/correct the petition (ECF No. 12) and for leave to file a supplemental writ and an affidavit (ECF No. 14) are **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 31, 2014
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.